By the Court.—Sedgwick, Ch. J.
These two actions involve the rights of the parties, under one contract made by the plaintiff in the first action and the Mayor, etc., of New York.
The contract was for regulating and grading 95th street from 10th avenue to Riverside drive. It provided for the. excavation of rock at one fourth of a cent for each yard and of earth at $ 8 for each yard.
By the contract the contractor was entitled to demand from the city 70 per cent, of the. contract value of work that should be certified by the city surveyor to have been done from time to time. The first action was brought by the contractor for this 70 per cent, under a certificate made by the city surveyor on March 12, *459 1884. The original answer admitted that the work had been done as averred in the complaint, but it averred the existence of certain facts, upon which it claimed that the plaintiff was not the lowest bidder for the work and also that the contract was fraudulent and void. The issue was brought to trial. The plaintiff had a verdict for the amount claimed by him and judgment was en-. tered in February, 1885.
In September, 1886, the motion below was made. It resulted in an order that the judgment be vacated, with leave to the defendants to serve the answer proposed by the motion, “ except that it shall not contain these portions thereof, setting up the defence of fraud, either actual or constructive, in the making or inception of the contract sued on.” This exception undoubtedly includes the defence in the proposed answer, of the plaintiff not having been the lowest bidder. It was the intention of the order not to allow any defence to be set up anew which had been tried in the action with knowledge of the relevant facts. The new defence allowed, is contained in the following averments: “ The defendants admit that a certain certificate was made and signed by the city surveyor employed in the work, which purported to state the respective quantities of earth and rock excavated by the plaintiff, but they allege upon information and belief that the quantities therein stated were false and inaccurate by reason of the fact that the ■ plaintiff had performed the work of excavation in an improper and fraudulent manner in violation of the provisions of the contract, whereby material that should have been classified and measured as rock was in fact classified and measured as earth to the pecuniary advantage of the plaintiff.”
The defendants claim that under this proposed defence, “the issue is whether or not there have been removed, in accordance with the terms of the contract, the relative quantities of earth and rock set forth in the surveyor’s certificate in question in the action.”
*460 It is further claimed for the defendants that the affidavits show that since the trial, testimony has been discovered which sustains the defence.
Leaving aside questions as to laches and as to the proposed answer as a pleading, the test most favorable to the defendants would be to ascertain if the affidavits set out facts, which if testified to by credible witnesses, would uphold a verdict against the plaintiff, rendered on the ground that these facts showed that the numbers of yards of rock and of earth, actually excavated, were in the case of rock greater, and in the case of earth less, than those stated by the certificate.
The affidavits have been examined with particularity. After giving to the Affidavits for defendants all the weight that can in reason be claimed for them, my judgment is, that they do not show what quantities, respectively, of earth and of rock had been excavated before the certificate of the surveyor was made. The certificate was, under the contract, prima facie proof, that the plaintiff had excavated as the certificate declared. The affidavits do not falsify the certificate. It therefore does not appear that a new trial would have a result different from the result of the trial had.
Under ordinary circumstances it would be proper to sustain the correctness of this result by making a résumé of the affidavits. This is not done now for the reason that the claim for final payment is to be tried. It is right to each side that the new trial should not be embarrassed by the declarations of this court as to testimony in its present setting, which should have perhaps another construction due to the absence of some fact that now appears, or to the presence of some fact that is not shown now.
It may be granted that the affidavits disclosed some preparation for a fraudulent classification. The result of this preparation does not now appear. It does not appear that the city surveyor was deceived by it and did not make a correct certificate in spite of it.
*461 In my opinion a new trial should not be granted for the purpose of experiment, or excepting upon a case, which justifies a conclusion that, when presented upon a new trial another result will be produced, unless countervailing facts shall appear.
The order in the first case should he reversed with $10 costs. The merits of the second case are the same as of the first, and in it there should be a reversal of the order with $10 costs.
Truax and Dug-ro, JJ., concurred.